UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TOMMY FURLOW, JOSH BERRYHILL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BULLZEYE OILFIELD SERVICE, LLC, and KEITH D. MAXEY, Individually and as an Officer of BULLZEYE OILFIELD SERVICE, LLC,<br><br>Defendants. | § § § § § § § § § § § § § § § | SA-15-CA-1156-DAE |

**ORDER**

This Order concerns Plaintiffs' Motion for Approval of Notice and to Allow Plaintiffs' Counsel to Send Notice to Putative Class Members (Docket Entry 22). This motion was referred to the undersigned pursuant to Western District of Texas Local Rule CV-72 and Appendix C. For the reasons set out below, Plaintiffs' Motion (Docket Entry 22) is **GRANTED IN PART**.

**I.    Jurisdiction.**

Plaintiffs' suit alleges violations of the Fair Labor Standards Act ("FLSA"). This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. Pursuant to 28 U.S.C. § 636(b), this Court has authority to rule on this motion as a non-dispositive matter. *See Poreda v. Boise Cascade, L.L.C.*, 532 F. Supp. 2d 234, 238 (D. Mass. Jan. 22, 2008); *Barrus v. Dick's Sporting Goods, Inc.*, 465 F. Supp. 2d 224, 229 n.1 (W.D.N.Y. Sept. 19, 2006).

**II.    Background.**

This a putative collective action suit to recover unpaid overtime compensation under FLSA, 29 U.S.C. § 201, *et seq*. (Docket Entry 3, at 1–2.) Plaintiffs and potential class members

are current and former employees of Defendant, Bullzeye Oilfield Service, LLC ("Bullzeye"). (*Id.*) Bullzeye is a national pressure pumping company that provides products and services to the oil and gas industry. (Docket Entry 5, at 3.) Plaintiffs allege that Bullzeye and its Corporate Officer, Defendant Keith Maxey, improperly calculated their overtime pay at the rate required by the FLSA. (Docket Entry 3, at 1–2.)

Plaintiffs are oilfield workers that are paid on an hourly basis. (Docket Entry 3, at 6.) Plaintiffs bring this putative collective action "on behalf of other Hands and Operators employed by Defendants at any time within a three year period preceding filing of this Complaint." (*Id.* at 1.) Plaintiffs allege that they regularly worked in excess of 40 hours a week, but did not receive appropriate overtime compensation. (*Id.* at 6.) Two Plaintiffs filed this action on December 28, 2015. (*See* Docket Entry 3.) Additional Plaintiffs have since consented to join in this suit. (*See* Docket Entries 7, 13–14, 16–17.)

Plaintiffs previously filed a motion for conditional certification, for disclosure of contact information, and to send notices. (*See* Docket Entry 5.) On April 4, 2016, the undersigned issued an order granting in part Plaintiffs' motion for conditional certification. (Docket Entry 21.) The order granted conditional certification for all former and current operators and hands employed by Defendants, and required Defendants to provide Plaintiffs with contact information for putative class members. (*Id.*) The order also required the parties to confer on the specifics of the notice to putative class members, and to submit either a joint proposed notice or competing options for consideration by the Court. (*Id.*) The parties have complied and submitted competing options for consideration. (*See* Docket Entries 22 and 23.)

III. **Motion for Approval of Notice.**

After considering the parties' proposed notice, Plaintiffs' Motion for Approval of Notice and to Allow Plaintiffs' Counsel to Send Notice to Putative Class Members is **GRANTED IN PART** as follows:

- *Notice Period.* Plaintiffs propose to send notice to all former and current operators and hands employed by Defendants at any time since December 28, 2012. (*See* Docket Entry 22.) Defendants contend that "the notice period should be April 4, 2013 to the present, and any individuals who . . . did not work during this period should be excluded." (Docket Entry 23, at 3.) "[I]n a FLSA collective action, the statute of limitations for a named plaintiff runs from the date that the plaintiff files the complaint, while the limitations period for an opt-in plaintiff runs from the opt-in date." *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916–17 (5th Cir. 2008). Plaintiffs acknowledge the applicable limitations period, but they contend that "the class should extend three years prior to filing the Original Complaint so that any potential opt-ins have the opportunity to present arguments for equitable tolling to bring themselves within the statute of limitations." (Docket Entry 24, at 2.) Plaintiffs' argument is well-taken. Plaintiffs' request to send notice to all former and current operators and hands employed by Defendants at any time since December 28, 2012 is **GRANTED**. Defendants can, at a later date, move to decertify the class as to Plaintiffs whose claims are time-barred. At such time, Plaintiff will bear the burden of proving that a particular putative plaintiff is entitled to equitable tolling.

- *Language in Section 2 of Plaintiffs' Proposed Notice.* Plaintiffs' proposed sentence in Section 2 states "The Court has not ruled on or decided any of the issues, including the merits of the claims or defenses." (Docket Entry 22-1.) Defendants propose a different

3

sentence. Plaintiffs' proposed sentence is sufficient to inform putative members that the Court has not made a determination on the merits of the case at this stage. Plaintiffs' request to include their proposed language is **GRANTED**.

- ***Language in Section 5 of Plaintiffs' Proposed Notice.*** Section 5 of Plaintiffs' proposed notice states:

  > It is important to understand that you may be entitled to recovery just because you were employed by Bullzeye as an hourly oilfield worker at some time since December 28, 2012. The Court will make a final decision about whether you are entitled to recover, and for what time period, if any, that you are entitled to recover. The Court has not made those decisions as of yet. (Docket Entry 23-1, at 2.)

  Defendants object to this language on grounds that it is misleading and inaccurate. (Docket Entry 23, at 3–4.) "[D]istrict courts must exercise their discretion regarding the form and content of the notice so as to ensure that the notice is accurate and that it includes information that would be needed to make an informed decision about whether to join the lawsuit." *Behnken v. Luminant Mining Co.*, 997 F. Supp. 2d 511, 523 (N.D. Tex. Feb. 14, 2014) (citing *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 172 (1989)). Here, the proposed language includes information that is beyond what "would be needed to make an informed decision about whether to join the lawsuit." *Id.* Plaintiffs' request to include their proposed language is accordingly **DENIED**.

- ***Language in Section 6 of Plaintiffs' Proposed Notice.*** Plaintiffs proposed language in Section 6 includes a sentence that states: "Accordingly, if you desire to file your own lawsuit, you should contact an attorney to preserve whatever rights you may have." (Docket Entry 22-1.) Defendants propose deleting this sentence, but they did not provide any basis for their objection. Plaintiffs' request to include their proposed language is therefore **GRANTED**. Defendants also propose adding "or simply do nothing" to a

4

sentence in Section 6. Plaintiffs claim this statement "is confusing for potential members because they may misunderstand that they should do nothing to join this case." (Docket Entry 22, at 3.) The Court agrees. Defendants' proposed language in Section 6 is **DENIED**.

- *Anti-retaliation Provision.* Plaintiffs propose the following sentence in the anti-retaliation provision: "If you believe you have been discriminated or retaliated against in any way as a result of your receipt of this notice or election to participate in this lawsuit, you should contact the Clerk of the Court, or your attorney immediately." (Docket Entry 22-1, at 3.) Defendants contend that "it is inappropriate to advise employees to bring complaints of retaliation to the Clerk of the Court," and that the statement is "unnecessary, unwarranted, and constitutes legal advice." (Docket Entry 23, at 4–5.) The Court agrees. The first sentence in the anti-relation provision is sufficient to inform employees of their rights regarding retaliation. (*See* Docket Entry 22-1, at 3.) Accordingly, Plaintiffs' request to include language regarding the Clerk of Court is **DENIED**.

- *Opt-In Period.* Plaintiffs propose a 90-day opt-in period. (Docket Entry 22, at 4.) Defendants claim a 60-day opt-in period is sufficient. (Docket Entry 23, at 5.) "Although opt-in periods commonly range from as little as 30 to as many as 120 days, most courts appear to default to a notice period of 60 days, unless potential plaintiffs are difficult to contact because of their locations or other extenuating factors warrant additional time." *McCloud v. McClinton Energy Group, L.L.C.*, CV No. 7:14-CV-120, 2015 WL 737024, at *10 (W.D. Tex. Feb. 20, 2015). A 60-day opt-in period is sufficient and is in line with other FLSA cases involving oilfield workers. *See Id.* (finding a 60-day

opt-in period reasonable for a putative class of oilfield workers); *Jones v. Cretic Energy Servs., LLC*, No. H-15-0051, 2015 WL 8489978, at *11 (S.D. Tex. Dec. 9, 2015). Plaintiffs' request for a 90-day opt-in period is **DENIED**. The opt-in period in this case shall be 60 days.

- *E-mail Notice.* Plaintiffs seek to provide notice to potential opt-in Plaintiffs via e-mail and traditional mail. Plaintiffs' contend that this case warrants sending notices via e-mail because oilfield employees tend to work away from their homes. (Docket Entry 24, at 5.) Defendants object to sending notices via e-mail. (Docket Entry 23, at 5.) "While there is not a great deal of uniformity with respect to the types of information courts generally order defendants to produce, many have taken the view that putative class members' names and addresses are sufficient to ensure that notice is received." *Garcia v. TWC Admin., LLC*, No. SA:14-CV-985-DAE, 2015 WL 1737932, at *4 (W.D. Tex. Apr. 16, 2015). Here, Plaintiffs can send notice to putative members via traditional mail. If a putative class members notice is returned as undeliverable, Plaintiffs may seek additional information from Defendants to assist in reaching those individuals. Plaintiffs' request to send notice via e-mail to the entire putative class is **DENIED**.

- *Reminder Notice.* Plaintiffs seek to distribute a reminder post card via traditional mail and e-mail. (Docket Entry 22, at 4.) Defendants object to sending a reminder notice as they contend that a "reminder notice may be taken by class members as encouragement to join." (Docket Entry 23, at 5.) "There is a split among district courts as to whether reminder notices to putative class members are proper in FLSA actions." *Garcia*, 2015 WL 1737932 at *6. Reminder requests are denied by some courts on grounds they are unnecessary. *See Id.* (noting plaintiffs had "not identified any particular reason why a

reminder notice is necessary to ensure sufficient notice . . . ."). Here, however, Plaintiffs' have discussed the need for a reminder notice. Plaintiffs are particularly concerned that the putative class members are oilfield workers that work away from home for extended periods of time. (Docket Entry 24, at 4–5.) The District Courts that have permitted reminder notices have approved them on these grounds. *See, e.g., Jones*, 2015 WL 8489978 at *10 (permitting reminder notices because "potential class members work at remote locations for extended periods of time . . . ."). Plaintiffs' request to send reminder notices is accordingly **GRANTED IN PART**. Plaintiffs may send reminder notices, but with regard to sending reminder notices to the entire putative class via e-mail, Plaintiffs' request is **DENIED** for the reasons discussed in the e-mail notice section above.

- *Workplace Posting.* Defendants object to posting a copy of the notice in Defendants' workplace. Defendants claim that a workplace posting "would be redundant, would encourage discussion and rumors amongst all employees" and could create the perception that the Court encourages joining the suit. (Docket Entry 23, at 6.) "[C]ourts routinely approve such requests when, as here, they are likely to further the broad remedial purposes of the FLSA by facilitating notice, and disapprove such requests only when defendant makes a showing that such measures are not likely to facilitate notice." *Jones*, 2015 WL 8489978 at *10. Defendants have made no showing that the posting is not likely to facilitate notice. Indeed, Defendants argue, to the contrary, that a posting would be redundant as current employees "would effectively be receiving more than one notice." (Docket Entry 23, at 6.) Plaintiffs' request to post notice of this lawsuit at Defendants' workplace is **GRANTED**.

IV. **Conclusion.**

Based on the foregoing, it is hereby **ORDERED** that Plaintiffs' Motion for Approval of Notice and to Allow Plaintiffs' Counsel to Send Notice to Putative Class Members (Docket Entry 22) is **GRANTED IN PART**. It is **FURTHER ORDERED** that **within fourteen (14) days**, Defendants shall provide Plaintiffs' counsel with a list of the putative class members names and current/last known home addresses. Plaintiffs have **fourteen (14) days** from the receipt of this information to mail the proposed notice to the putative class members. The opt-in period will close 60 days from the date the notice is mailed.

**SIGNED** on May 4, 2016.

Henry J. Bemporad
United States Magistrate Judge